THE PEOPLE OF THE STATE OF CALIFORNIA, Respondents, v. THOMAS MILGATE, Appellant.

Proof beyond a reasonable doubt is necessary to establish a fact against a prisoner; but preponderating proof, proof necessary to satisfy a jury of a fact, is sufficient to establish a fact in his favor.

It is not sufficient to raise a doubt, even though it be a reasonable doubt of the fact of extenuation, simply because it is no proof of the fact.

The general doctrine appears to be, that if a jury should find the fact, that the prisoner made a felonious assault upon the deceased with an unlawful weapon, inflicting a mortal wound, which produced instant death, and that there was some evidence tending to prove that such wound was given in the heat of blood, in sudden and mutual combat, but that the proof of such fact did not preponderate over the proof against it, though it raised some doubt in their minds that the matter of extenuation would not be sufficiently made out, the judgment of the Court would be against the prisoner for the higher offense.

Evidence of character can only be considered in reference to the whole case, not to any isolated fact.

No inference can be drawn by a jury of the intention which induced the commission of the offense, from the previous character of the prisoner. His intention can only be determined by his acts; the law will imply a malicious intention.

APPEAL from the District Court of the Sixth Judicial District, Sacramento County.

The prisoner was tried and found guilty of the murder of one Henry Tillman. The facts and errors assigned will be found distinctly stated in the opinion of the Court.

*Clark & Gass*, and *Tod Robinson*, for Appellant.

1. The Court erred in ruling out the question, "What was the shot gun kept loaded and used for?"

2. The Court erred in refusing the following instruction: "If the jury believe from the evidence of the defense introduced in justification, that there is some reasonable doubt whether or not the prisoner committed the act under a reasonable apprehension of impending danger and in self defense, they must give the prisoner the benefit of such doubt, and must find the prisoner not guilty. Granger *v.* The State, 5 Yerg., 459. Young *v.* The State, 11 Humph., 200. Quisenberry *v.* The State, 3 Stew. and Port., 315. Oliver *v.* The State, 17 Ala., 598.

3. The following instruction should have been given: "That the jury are at liberty to take into consideration the peaceable character of the prisoner, in making up their minds as to the intention which induced the commission of the offense." Russ. on Crimes, 785. Qui-senberry v. The State, 3 Stew. and Port., 215. Davis v. The State, 10 Geo., 105.

4. The Court erred in refusing to admit the testimony of Graham, who told Milgate that Tillman was going armed, and cautioned him to be on his guard.

*James H. Hardy* (acting Attorney General) for the People.

1. The Court properly refused to give the first instruction asked for by defendant. The reasonable doubt which authorizes an acquittal, must arise from the whole evidence in the case. It is not sufficient that it exist merely from the testimony of the accused. Arch. Crim. Prac., 215, and note. Commonwealth v. York, 9 Met., 93. Commonwealth v. Webster, 5 Cush., 295. State v. Scott, 4 Ired., 409.

2. The character of the accused was properly submitted to the jury in evidence, and they would have the right to consider it with respect to the whole case, and not to any part of it. It would have no effect other than to operate upon the whole case, and if the fact of killing be proven, the law presumes malice;—and could it be said that good character alone should be considered as raising an adverse presumption? It is only in doubtful cases that good character can prevail aught. Commonwealth v. Hardy, 2 Mass., 317. Commonwealth v. Webster, 5 Cush., 324. State v. McDaniel, 8 Sm. & M., 401. The instruction as to character was not material, and was not properly drawn. It should have had some bearing upon the crime charged. 3 Greenleaf's Ev., § 27. 2 Russ. on Crimes, 784.

MURRAY, C J., delivered the opinion of the Court. HEYDENFELDT, J., concurred.

The first error assigned by the appellant is the refusal of the Court below to permit one of the witnesses to testify for what purpose the shot gun, with which the homicide was committed, was loaded and used. This question was wholly immaterial. It was already in proof by the appellant's own witness, that he had gone to the house and taken the gun for the purpose of protecting himself against the de-

ceased; whether it was loaded with fine shot for killing birds or not, was of no consequence. It is sufficient that it was unlawfully used, and such use resulted in the death of the deceased.

The second error, is the refusal of the Court to charge the jury that "if they believed from the evidence introduced in justification that there is a reasonable doubt whether or not the prisoner committed the act under a reasonable apprehension of impending danger and in self defense, they must give the prisoner the benefit of such doubt, and must find him not guilty."

This instruction was properly refused for two reasons; first, because it was calculated to mislead the mind of the jury, by directing their attention exclusively to the evidence of justification adduced by the defendant's witnesses. Suppose, for illustration, that the prosecution had proved by several witnesses, that the prisoner had made threats that he would kill the deceased on sight, and that on learning that he was in the neighborhood, had taken his gun, and deliberately shot him, without any hostile demonstrations having been made against him; and on the trial, he had proved by one or more witnesses, that he had only acted in self-defense, would the instruction have been proper ? Or, on the other hand, ought not the presumption to arise, from all the evidence both for the prosecution and defense ? Second, The instruction was improper, because a reasonable doubt is insufficient to determine the guilt or innocence of the prisoner. The homicide being admitted or proved, the law raises the presumption of malice, which it is necessary for the prisoner to rebut by proof. Proof beyond a reasonable doubt is necessary to establish a fact against the prisoner; but preponderating proof, proof necessary to satisfy a jury of the fact, is sufficient to establish the fact in his favor. But it must go to this extent, otherwise there is nothing on which the jury can found their belief, and warrant them in considering the fact proved. It is not sufficient, therefore, to raise a doubt, even though it be a reasonable doubt, of the fact of extenuation, simply because it is no proof of the fact. 2 Archbold's Crim. Prac. and Pleading, 215.

The general doctrine of the books appears to be, that if a jury should find the fact, that the prisoner made a felonious assault upon the deceased with an unlawful weapon, inflicting a mortal wound, which produced instant death, and that there was some evidence tending to prove

17

that such wound was given in the heat of blood in sudden and mutual combat, but that the proof of such fact did not preponderate over the proof against it, though it raised some doubt in their minds, that the matter of extenuation would not be sufficiently made out, and the judgment of the Court would be against the prisoner for the higher offense.   (Commonwealth v. York, 9 Met., 93.)

It would be an almost useless consumption of time to multiply authorities upon this point, as it has been so well settled on principle, that but few decisions can be found tending to establish a different doctrine.

The third error assigned is the refusal of the Court to charge the jury, " that they were at liberty to take into consideration the peaceable character of the prisoner in making up their minds as to the intention which induced the commission of the offense charged."   In the case of McDaniels v. The State, 8 S. and M., 401, the rule is laid down, " that where evidence touching the general character of the party is admitted, it ought manifestly to bear relation to the charge against him; but evidence of good character in relation to the particular crime charged, seems to be only admissible in cases where the guilt of the party accused is doubtful."   The same doctrine was substantially held in the case of the Commonwealth v. Hardy, 2 Mass., 317.

In the case under consideration, the killing was undisputed, and evidence of character had already gone to the jury, which they had a right to consider in reference to the whole case, but not to any isolated fact; besides this, how could the jury draw any inference of the intention which induced the commission of the offense from the previous character of the prisoner ?   His intention can only be determined by his acts; the law will imply a malicious intention.

It might have been proper to have asked the instruction in relation to the provocation which induced the act; but the homicide having been proved, no instruction, as to character, could defeat the legal presumption of intention to kill.

Again, it is contended that the Court erred in refusing to admit the testimony of one Graham, that he had told Milgate that the deceased was going armed, and that he had cautioned him to be on his guard. It was not proposed in connection with this to prove that the deceased had made any threats against the prisoner; and the fact of his going armed was no justification or extenuation whatever.

As to the application for a new trial, it seems to have rested upon the importance of showing that Cook, one of the witnesses for the defense, was present at the killing, which fact had been contradicted by the prosecution. The main part of Cook's testimony which was relied on, consisted in his proving that a pistol and knife was found on the body of the deceased.

Considering the case upon the other testimony, as disclosed by the record, it is perfectly immaterial whether that fact existed or not, and if it was clearly proved and uncontradicted, ought to have had no weight with the jury.

For these reasons, the judgment of the Court below is affirmed, and the Court below is directed to appoint a day for the execution of the sentence.