CIRCUIT COURT FOR MULTNOMAH COUNTY, NOVEMBER TERM, 1868.

## STATE OF OREGON v. JOSEPH BERTRAND.

MALICE.—Where the proof shows that the killing was done voluntarily or intentionally, with a weapon which was intended for taking life, the use of that kind of a weapon raises a presumption that the killing was done maliciously.

BURDEN OF PROOF.—When such proof is made, unless the circumstances of the killing show that it was justifiable or excusable, the burden of proof devolves on the defendant to show an excuse or justification for the killing.

When killing with such weapon is positively proved, or proved beyond a a reasonable doubt, it is not a ground of acquittal that the evidence fails to show whether or not the killing was justifiable.

The burden of proof, in such a case, rests on the defendant to show by a preponderance of evidence that the killing was justifiable or excusable.

THE defendant, Joseph Bertrand, was indicted for murder in the second degree, by shooting and killing Julius A. Meire with a pistol. The evidence disclosed that the homicide was committed in the store-room of the deceased, who was a grain merchant.

The room was filled with sacks of grain to a height of seven or eight feet, except that several walks or narrow alley-ways, were left between the piles of sacks, and there was a small open space about the desk, at which the deceased stood at the time of the homicide.

The evidence tended to show that the defendant at that time stood in one of the alleys, which was about two feet wide, and that he was about twelve feet from the deceased at the time the revolver was fired. The ball struck the deceased at the throat, and struck about the centre of the vertebral column, breaking the neck and causing instant death. No other persons were in the store-room at the time, but several persons came in immediately, and before the defendant went out. The position of the body of the deceased indicated that at the time of the shooting he had his hands in his coat pockets; that he had no weapon in his hand or in his coat pockets, but had a revolver in the pockets of his pantaloons. There was evidence that the deceased and the

defendant had been acquainted for several years, had formerly had business relations in California, about which the defendant was greatly dissatisfied, and that the defendant was here for the purpose of inducing or compelling the deceased to accede to some proposition about their former business affairs; and that a few days before the homicide, he had threatened personal violence against the deceased.

The only exculpatory evidence adduced on behalf of the defendant, was, that he came from the scene of the homicide toward the jail, with an avowed intention to surrender himself into custody, and that about thirty minutes after being placed in the jail, he complained of pain at his breast, and an officer, whose attention he then called, examined and thought a spot on his breast looked more red at that time than was natural.

*M. F. Mulkey*, District Attorney.

*David Logan*, for the defendant.

UPTON, J., among other instructions, gave the following:

If you are satisfied beyond a reasonable doubt that the defendant intentionally killed the deceased with a gun or pistol, the burden of proof devolves on the defendant. When the proof shows that the killing was done by a defendant voluntarily or intentionally, with a weapon which was designed and intended for taking life, the law raises a presumption from the use of that kind of weapon, that the party using the weapon intended to kill, and that the killing was malicious.

When such proof is made, unless the circumstances of the killing show that it was justifiable or excusable, the burden of proof devolves on the defendant to show a justification or an excuse for the killing.

In such case it devolves on the defendant to show that the killing was necessary, or to show such circumstances as render the act excusable.

The burden is on the state, in the first instance, to remove the presumption of innocence, and to show that the defendant did the acts that constitute the crime. But when the

state shows beyond a reasonable doubt, that a defendant purposely did the killing charged in the indictment, with a weapon that was designed for the very purpose of taking life, as soon as that point is established, the burden of proof changes, and the burden then rests upon the defendant. And if there is not proof to show that the act was justifiable, or to show that it was excusable, the defendant is not entitled to be acquitted for the lack of evidence on the subject of justification or of excuse. Where voluntary killing with a gun is fully proved, and some evidence is offered tending to show a justification or an excuse, if there is not a preponderance of evidence in favor of justification or excuse, the defense is not made out.

In this case the killing cannot be justified upon any other ground except that the killing was necessary, in order to prevent Meire, the deceased, from killing the defendant, or from doing him great bodily harm.

The killing is not excusable, unless on the grounds that it was done by accident in doing a lawful act, or " by accident or misfortune in the heat of passion upon a sudden and sufficient provocation, or upon a sudden combat without premeditation and without undue advantage being taken, and without any dangerous weapon being used, and not done in a cruel or unusual manner."

"If a person without malice, either express or implied, and without deliberation, upon a sudden heat of passion caused by a provocation apparently sufficient to make the passion irresistible, voluntarily kill another," the act is manslaughter. If a person purposely and maliciously kill another, the act is murder.

The defendant was convicted of manslaughter.