PEOPLE, Respondent, v. DAVID G. GORDON, Appellant.

No. 1773; January 12, 1869.

**Trial.—An Instruction may not have Such Material Words Severed** from it as "in pursuance of such design," and urged then in the mutilated form as error.

**Trial—Reading Medical Books to Jury.—**For counsel to read to the jury passages from a medical work is or is not error according to what are the passages and for what purpose read.

APPEAL from Seventh Judicial District, Solano County.

Attorney General for respondent; J. W. Coffroth and W. S. Wells, for appellant.

SAWYER, C. J.—There is clearly no error in the instructions upon which the first point is made in appellant's brief. If there would otherwise be any force in the argument of counsel, it entirely ignores the clause, "in pursuance of said design."

The authorities cited by appellant in support of the second point (People v. Milgate, 5 Cal. 129, and Commonwealth v. Rogers, 7 Met. (Mass.) 504, 506, 41 Am. Dec. 458) are expressly and squarely against him on the precise point. People v. Milgate was expressly affirmed on the same point in People v. Stonecifer, 6 Cal. 410, and the point was ruled in the same way in People v. Meyers, 20 Cal. 519, and approved in People v. Coffman, 24 Cal. 236.

During the argument of the case the district attorney read passages from certain medical works, against the objection of defendant's counsel, and this is the basis of the only other point made in appellant's brief. In Commonwealth v. Wilson, 1 Gray (Mass.), 338, and Collier v. Simpson, 5 Car. &

P. 74, it was held that medical works could not be read as evidence. It does not appear in this case what was read, or for what purpose the passages were read during the argument. Without knowing either the matter read, or the object for which it was used, we cannot say there was error. Error must be made to affirmatively appear. The presumptions are in favor of the correct action of the court below.

Judgment affirmed, and remittitur directed to issue forthwith.

We concur: Rhodes, J.; Crockett, J.; Sprague, J.