All concur with ANDREWS, J., except GRAY and PECKHAM, JJ., dissenting.

Judgment affirmed.

---

THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. JOHN D. RIORDAN, Respondent.

In criminal cases, the rule that the defendant is entitled to the benefit of a reasonable doubt applies not only to the case made by the prosecution, but to any defense interposed.

Upon the trial of an indictment for manslaughter, the defendant sought to establish that the homicide was committed in self defense, the court charged, in substance, that the burden of proof rested upon him to establish that fact beyond a reasonable doubt, and refused to charge, at the request of defendant, that if there was a reasonable doubt as to whether defendant had reasonable ground to apprehend great bodily harm at the time of the homicide, he was entitled to the benefit of the doubt. *Held,* error.

(Argued October 8, 1889; decided October 15, 1889.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, entered upon an order made at the November Term, 1888, which reversed a judgment of the Court of Sessions of Herkimer county, entered upon a verdict convicting the defendant of manslaughter in the second degree, and granted a new trial.

The facts, so far as material, are stated in the opinion.

*Irving R. Devendorf* for appellant. The defendant's requests to charge should have been refused. (*People* v. *Schryver*, 42 N. Y. 9; *Shorter Case*, 2 id. 197; *People* v. *Sullivan*, 7 id. 399; *Pratt* v. *Ogden*, 34 id. 20, 22; *Lee* v. *T. C. G. L. Co.*, 98 id. 115; *People* v. *McCallam*, 103 id. 587; *W. S. P. Co.* v. *Green*, 72 id. 17, 22; *Lorin* v. *Davidson*, 21 J. & S. 409; *Hope* v. *Lawrence*, 50 Barb. 258; *People* v. *McCarthy*, 110 N. Y. 309.) The defendant relied upon the defense of justification, and therefore assumed the burden of making his defense appear by a preponderance of evidence. (*People* v. *McCarthy*, 110 N. Y. 309; *People* v. *Schryver*, 42 id. 1; *Sawyer* v. *People*, 91 id. 667; *People* v. *Willett*, 36 Hun, 500.) The court had fully instructed the jury upon the law in the case, and it was not error to decline to give further instructions or to charge on abstract propositions of law. (*O'Connell* v. *People*, 87 N. Y. 377; *Rexter* v. *Starin*, 73 id. 601; *Slatterly* v. *People*, 58 id. 354; *Moody* v. *Osgood*, 54 id. 488.) The case does not present facts sufficient to justify the killing of Haley by defendant. (*State* v. *Underwood*, 57 Mo. 40; *State* v. *Lunney*, 52 id. 40; *People* v. *Sullivan*, 7 N. Y. 396; *Atkins* v. *State*, 16 Ark. 568; *Pierson* v. *State*, 12 Ala. 149; *People* v. *Doe*, 1 Manning, 451.) A verdict will not be set aside although there was error on the trial if the error was such that it could do no legal injury; and the rule in this respect is the same in criminal as in civil cases. (*Shorter* v. *People*, 2 N. Y. 193; *People* v. *Wiley*, 3 Hill, 194.) The dying declaration was properly received in evidence. (*People* v. *Smith*, 104 N. Y. 494, 497; *People* v. *Sweeney*, 4 N. Y. Crim. Rep. 275; *People* v. *Evans*, 40 Hun,

492; *Reg.* v. *Osman*, 31 Eng. Rep. 749; *Brotherton* v. *People*, 75 N. Y. 159; *Hackett* v. *People*, 54 Barb. 370; *People* v. *Shaw*, 63 N. Y. 37, 40; *Weyrich* v. *People*, 89 Ill. 90; *Jones* v. *State*, 71 Ind. 66; *Roberts* v. *State*, 5 Tex. App. 131.)

*A. M. Mills* for respondent. An error was committed in permitting the People to read in evidence, against the objection of the defendant, a part of the dying declaration of the deceased, Daniel Haley. (Code Crim. Pro. § 8; 1 R. S. 270, § 14; *People* v. *Williams*, 35 Hun, 216; 1 Greenl. on Ev. § 159.) The court in its charge misdirected the jury as to the law of justifiable homicide. (*People* v. *Shorter*, 2 N. Y. 193.) It was error to charge that the burden of proof is upon the defendant to establish his defense beyond a reasonable doubt. (1 Archbold Cr. Pr. 795; *People* v. *Hill*, 49 Hun, 432; *People* v. *Conroy*, 97 N. Y. 75; *People* v. *McCann*, 16 id. 58.)

ANDREWS, J. The conviction in this case cannot be disturbed unless there was error in the charge. The rule that in criminal cases the defendant is entitled to the benefit of a reasonable doubt applies not only to the case as made by the prosecution, but to any defense interposed. (*Stokes* v. *People*, 53 N. Y. 164; *Brotherton* v. *People*, 75 id. 159; *O'Connell* v. *People*, 87 id. 377; *People* v. *McCann*, 16 id. 58.) The defendant on the trial sought to establish that the homicide was committed in self-defense. This issue was tried and submitted to the jury as a material issue in the case. This court cannot say that there was an absence of any evidence to support it.

The court in its charge instructed the jury that "the defendant in a criminal action is always presumed to be innocent until the contrary is proved, and in case of a reasonable doubt whether his guilt is satisfactorily shown, he is entitled to an acquittal." If the matter had been left here there would have been no error. The charge covered a point that a reasonable doubt upon any material issue was to operate in

favor of the defendant. But on the conclusion of the main charge the district attorney asked the court to charge " that. where the defendant makes a claim of self-defense, that the homicide was committed in self-defense, the burden of establishing the necessary facts to avail himself of that defense is upon the defendant," and the court replied, "I think I have already charged that," and the defendant excepted to the proposition. presented by the prosecution and acceded to by the court. The court then said : "I charge that where a defense of self-defense is set up, in the legal term the burden of proof is upon the defendant to establish his defense beyond a reasonable doubt." The district attorney then said : "I ask the court to withdraw that charge. We do not claim that the burden of proof is upon the defendant to establish the defense of self-defense beyond a reasonable doubt." The court replied : "I think I will leave it as it is." Some time later in the proceedings the court said : "With regard to that portion of the charge which was made at the request of the district attorney,. the court will withdraw what it said to the jury on that subject and will charge this : "He must make his defense appear to the jury, availing himself of all the evidence in the case on either side," and to this also the defendant excepted. It is claimed that by this the court withdrew the prior instruction that the defendant must establish his defense beyond a reasonable doubt.

It will be observed that the court withdrew what had been charged "at the request" of the prosecution, and that request related only to the burden of proof on the issue of self-defense, and not to the question whether such defense must be established beyond a reasonable doubt. If the court intended to go. further and withdraw what had been said on that subject, the language was equivocal and might easily have been misunderstood by the jury. But the subsequent refusal of the court to charge a proposition submitted by the defendant seems to make it clear that the court did not intend to withdraw what had been said on the subject of reasonable doubt. The court was asked to charge

" that if on all the evidence there is reasonable doubt as to whether at the time when the defendant fired the shots he was in danger of great bodily harm, and as to whether there was reasonable ground to apprehend such injury, that the defendant is entitled to the benefit of the doubt," and the court " declined to charge in that form," and the defendant excepted. There had been no charge upon this subject except as before stated.

We concur in the opinion of the General Term that for the error of the charge the conviction should be set aside.

All concur, except R<span>UGER</span>, Ch. J., not voting, and D<span>ANFORTH</span>, J., dissenting.

Order affirmed.