STATE *vs.* CHARLES BALLOU AND WALTER BALLOU.

| 20 | 607 |
| 24 | 252 |
| 20 | 607 |
| 26 | 273 |

PROVIDENCE—JULY 7, 1898.

PRESENT: Matteson, C. J., Stiness and Tillinghast, JJ.

It is within the discretion of the trial court to grant or refuse the motion for a separate trial by one who is indicted with another, and the denial of such a motion is not ground for a new trial in a case where the defendant is not prejudiced thereby.

The order of the introduction of testimony is also within the sound discretion of the court, and the fact that, without prejudicing the defendant, testimony is admitted in rebuttal when it should have been offered in chief, furnishes no reason for a new trial.

If one lawfully on a highway be assaulted, he is not obliged to retreat, but may meet force with such force as is needful to his protection ; but one who attacks another on the highway cannot avail himself of this defence to justify him in repelling the violence he may encounter in return.

Self-defence may be resorted to in order to repel force, but not to inflict vengeance.

In the trial of an indictment for manslaughter it is for the State to prove the allegation beyond a reasonable doubt ; having proved a death by violence inflicted by the defendant, that is presumed unlawful until something else appears ; if the defendant seek to excuse the act on the ground that he was attacked, it is for him to prove it by a preponderance of evidence.

INDICTMENT for manslaughter. Heard on the petition of one of the defendants for a new trial.

TILLINGHAST, J. This is an indictment for manslaughter. At the trial of the case, in the Common Pleas Division in Kent county, the defendant Charles Ballou was found not guilty, and the defendant Walter Ballou was found guilty. Walter Ballou now moves for a new trial on the ground that he did not have a fair trial, (1) because he asked for a separate trial, which request was refused, and (2) because certain rulings of the presiding justice were erroneous.

1. We fail to see, from an examination of the record, that the defendant was in any way prejudiced by reason of the refusal of the court to grant him a separate trial; and, therefore, so long as the granting of the motion was discretionary with the trial court (1 Bish. Cr. Proc. § 959; Whart. Cr. Pl. & Pr. § 309; *Whitehead* v. *State*, 10 Ohio St. 449), we see no reason for disturbing the verdict on this ground. The argument of defendant's counsel that under the ruling aforesaid the defendant was deprived of his statutory right to challenge one juror in four (Gen. Laws R. I. cap 243, § 2) is met by the decision of this court to the contrary in *State* v. *Sutton*, 10 R. I. 159.

2. The second assignment of error relates to the exclusion in cross-examination of the testimony of William Johnson, a son of the deceased, as to whether he did not say, in a conversation with the defendant Charles Ballou, shortly after the affray, "That the old man" (referring to witness' father) "got just what he deserved." This was not in cross-examination of anything that the witness had testified to, and we do not see that, even if it had been answered in the affirmative, it would have in any way contradicted the testimony he had given in chief.

3. The third assignment of error is that the court erred in admitting certain testimony without explanation as to whether it applied to the defendant Walter Ballou. An examination of the record, however, clearly shows, we think, that the testimony referred to related only to Charles Ballou.

4. The fourth assignment of error is that the court erred in admitting certain testimony in rebuttal which should have been put in as direct. As this was clearly a matter resting in the sound discretion of the court, and, further, as it does not appear that the defendant was prejudiced by the order in which the testimony referred to was admitted, the mere fact that it should have been offered in chief furnishes no ground for a new trial.

5. The fifth assignment of error is that the court refused to charge (1) "That if the jury believe the testimony of William Johnson, then both of the defendants cannot be

found guilty as charged in the indictment;" and (2) "That only upon the testimony of Phillip Johnson can both the defendants be found guilty as charged." These requests were rightly refused. The witness William Johnson testified that he saw each of the defendants inflict personal violence upon the body of the deceased, viz.: That he saw Charles Ballou knock him down and then kick him in the face, and also that he saw Walter Ballou kick him (the deceased) in the face while he was in a kneeling position, with his hands up to his forehead.

As to the second request it was properly refused, because, as remarked by the court, "There was other evidence from which the jury could infer that both defendants were engaged in the assault on Johnson." Indeed, the jury were not left to inference alone in the matter, as is shown from the testimony of William Johnson above referred to, but had direct testimony as to the violence inflicted upon the deceased by both Charles and Walter Ballou.

6. The sixth assignment of error is based upon the modification made by the court of the sixth request to charge the jury, which request and modification were as follows:

Request. "If the defendant, Walter C. Ballou was lawfully upon the highway, and was assaulted by said Alfred A. Johnson, with a dangerous weapon, to wit, a stone, he, the said Walter C. Ballou, was not bound to run or retreat, but had a right to defend himself with all necessary force to repel said assault, and if in so doing he used force which accidentally caused the death of said Alfred A. Johnson, then, the defendant Walter C. Ballou is not guilty."

Modification. "But if Walter C. Ballou ran down towards Alfred A. Johnson, with hostile intention, and immediately attacked him, he is chargeable with the consequences of his act, and cannot excuse himself on the ground of self-defence."

As thus modified or explained, the request was granted. We fail to see that any exception can properly be taken to the modification added by the court. For, while it is ordinarily true, as set forth in the request, that a person who,

while lawfully upon the highway, is assaulted by another is not obliged to retreat, but may stand his ground and fight, meeting force with such force as is needful for his protection, *State* v. *Sherman*, 16 R. I. 631, yet it cannot be claimed that in such a case as that suggested by the modification aforesaid the doctrine contended for has any application. Self-defence is ordinarily only permissible against an unlawful attack. The law applicable to this defence is thus stated by Mr. Wharton, in his excellent work on Criminal Law (see Vol. 1, 8 ed. § 97): "If A, unlawfully attacked by B, re sorts to violent means to repel the aggression, his repulse of B is lawful; but if B, in pursuance of the struggle, renews the attack on A, this is not self-defence, since self-defence only obtains against an unlawful attack, and A's attack on B was lawful." In other words, as held in *Adams* v. *People*, 47 Ill. 376, a man has no right to provoke a quarrel and take advantage of it, and then justify the homicide. Self-defence may be resorted to in order to repel force, but not to inflict vengeance.

In *State* v. *Linney*, 52 Mo. 39 (41), the law is stated thus: "There is certainly no law to justify the proposition that a man may be the assailant and bring on an attack and then claim exemption from the consequence of killing his adversary on the ground of self-defence. While a man may act safely on appearances, and is not bound to wait until a blow is received, yet he cannot be the aggressor and then shield himself on the assumption that he was defending himself." See also *Williams* v. *State*, 3 Heisk. (Tenn.) 376.

These authorities are in accordance with the law as uniformly administered in this State. Thus, in the somewhat noted case of *State* v. *Congdon*, for the murder of Wilcox (see Trial of Congdon, in bar library), which was very carefully and thoroughly tried at East Greenwich in 1884, where the defence interposed was that of self-defence, Stiness, J., in charging the jury upon this branch of the case, said: "The rule of law upon that point is, that when one is attacked by another under such circumstances as to lead him to apprehend peril to his life, or great bodily harm, he may kill his assail-

ant, provided he cannot otherwise protect himself, as by re-
treating from danger, by warding off the attack by a weapon
not deadly, by disabling his adversary without killing him,
or in any other way preserving his own life and person. . . .
If one assaulted another with a switch it would not justify a
man in taking his life and calling it self-defence, because
neither his own life or limb was in danger. Nor can it pro-
ceed, gentlemen, from any quarrel or conflict which the
defendant has provoked himself. A man cannot provoke
another into assault and then take advantage of that assault
to take his life."

As the evidence in the case at bar was clearly of such a
character as to call for the modification made by the court
to said sixth request, the defendant has no ground of com-
plaint regarding the same.

7. The seventh and last assignment of error is the refusal
of the court to charge that: "It is not for the defendants
to prove their defence or any part of it by a preponderance
of testimony, but it is sufficient for them to prove enough to
create a reasonable doubt." In connection with this refusal
the court said: "It is for the State to prove the allegation
in the indictment beyond a reasonable doubt. Having proved
a death by violence, and violence inflicted by the defendants,
that is presumed to be unlawful, until something else appears.
If the defendant says, 'I committed this violence and caused
this death, but I was excusable for so doing because I was
attacked,' it is for him to prove that, not beyond a reasonable
doubt, but by a mere preponderance of evidence; and if he
does so you will find him not guilty. Then that raises in
your minds, of course, the conviction that he cannot be guilty.
But it is for the defence to be proved by a preponderance of
evidence, and then, on the whole evidence, taking what the
State has proven, you must be convinced that the crime has
been committed beyond a reasonable doubt." We think the
request to charge was rightly refused, and that the charge as
given was as favorable to the defendants as the court was
warranted in stating it. For, while there is a sharp conflict
of authority upon the question as to whether the burden of

proving that the homicide was justifiable rests upon the de-
fendant, where the defence is one exclusively of avoidance,
yet we think the weight of authority is in accordance with
the instruction as given by the court in this case. The rule as
stated in the charge was also in accordance with the well-
settled law of this State as administered in the trial of crimi-
nal cases of this sort. The cases cited in the brief of the
assistant attorney-general, and in that of counsel for defend-
ant,[1] show the different views taken by the courts upon the
question.

In Rice on Evidence, Vol. 3, § 299, the law is stated as

[1] Cases cited by the assistant attorney-general: Whart. Crim. Ev. 8 ed. 335
and cases cited; also 331, 334, 335 and cases cited; *Ryder* v. *State*, 38 L. R. A.
721; *Ware* v. *State*, 67 Ga. 349; *State* v. *Schwertzer*, 57 Conn. 532; *People* v. *Schry-
ver*, 42 N. Y. 1; *Flannagan* v. *People*, 52 N. Y. 467; *Walker* v. *People*, 88 N. Y.
81; *Com* v. *York*, 9 Metc. 92; *Com.* v. *Webster*, 5 Cush. 295; *Com.* v. *Choate*, 105
Mass. 451; *Com.* v. *Eddy*, 7 Gray, 583; *State* v. *Rollins*, 113 N. C. 722; *State* v.
*Welsh*, 29 S. C. 4; *State* v. *Brown*, 34 S. C. 41; *State* v. *Johnson*, 91 Mo. 439;
*State* v. *Jones*, 78 Mo. 278; *Silver* v. *State*, 22 Ohio St. 90, approved in *Weaver* v.
*State*, 24 Ohio St. 581; *Com.* v. *Dinser*, 58 Pa. St. 1; *Com.* v. *Gentry*, 5 Pa. Dist.
Rep. 703; *State* v. *Jones*, 20 W. Va. 764; *State* v. *Hill*, 49 Am. St. Rep. 316; *State*
v. *Bertrand*, 3 Ore. 61; *State* v. *Knight*, 43 Me. 1; *State* v. *Lawrence*, 57 Me. 574;
*State* v. *Fry*, 67 Ia. 478; *State* v. *McCracken*, 66 Ia. 369; *State* v. *Hamilton*, 57 Ia.
596; *State* v. *Patterson*, 45 Vt. 308; *People* v. *Milgate*, 5 Cal. 127; *People* v.
*Arnold*, 15 Cal. 476; *Mitchell* v. *State*, 5 Yerg. 340; *Howard* v. *State*, 110 Ala.
92; *People* v. *Allender*, 48 Pac. Rep. 1014; *Coleman* v. *Territory*, 47 Pac. Rep.
1079; *State* v. *Spencer*, 21 N. J. Law, 196; *Green* v. *State*, 28 Miss. 687; *State* v.
*Johnson*, 3 Jones Law, 266; *State of La.* v. *Scott*, 36 L. R. A. 721; Thompson on
Trials, 2489, case cited; Underhill on Ev. P. 23, cases cited.

Cases cited by counsel for defendant: *State* v. *Henson*, 112 Ala. 41; *State* v.
*Casey*, 49 Neb. 403; *Granley* v. *State*, (Neb.) 57 N. W. 751; 51 Neb. 106; *State*
v. *Ford*, 73 Miss. 734–35, L. R. A. 117; *U. S.* v. *Davis*, 160 U. S. 469; *People* v.
*Boykin*, 22 Colo. 496; *State* v. *Lovejoy*, 62 Ark. 478; *State* v. *Blankenship*, 55
Ark. 244; *State* v. *Taylor*, (Mo.) 24 S. W. 449; 18 Mo. 153; *State* v. *Woodward*,
(Mo.) 20 S. W. 27; *State* v. *Trogdon*, (Ind.) 32 N. E. 725; 121 Ind. 433; *People* v.
*Jamison*, 145 Ill. 357; 142 Ill. 620; *Och.* v. *People*, 14 West, 679, also 694; *State*
v. *Armstrong*, 30 Fl. 170; 17 L. R. A. 484; *People* v. *Ah Gee Young*, 86 Cal. 144;
85 Cal. 421; 48 Pac. Rep. 1014; *People* v. *Downs*, 123 N. Y. 558; 56 Hun. 5; 117
N. Y. 71; *State* v. *Baker*, 53 N. J. L. (24 Vroom) 45; *Sherlock* v. *State*, (N. J.)
37 At. Rep. 435; *State* v. *Rhodes*, (Ind.) 27 N. E. 866; *State* v. *Raymond*, (N. J.)
21 Atl. 328; *Com.* v. *Schweitzer*, 57 Conn. 532; 6 L. R. A. 125; *State* v. *Dill*, (Del.)
18 Atl. 763; *State* v. *Gallagher*, 28 Tex. App. 247; *State* v. *Wait*, (Kan.) 24 Pac.
354; 40 Kan. 482; *State* v. *Ward*, (Vt.) 17 Atl. 483; *State* v. *Harrison*, (Ga.) 9 S. E.
542; *State* v. *Chee Gong*, 16 Or. 534; *State* v. *Aiken*, (Mich.) 10 West, 547; *State* v.
*Ardoin*, 49 La. An. 1145; *State* v. *Wright*, 5 Okla. 78.

follows: "The people in every case of homicide must prove the *corpus delicti* beyond a reasonable doubt, and if the prisoner claims a justification he must take upon himself the burden of satisfying the jury by a preponderance of evidence. He must produce the same degree of proof that would be required if the blow inflicted had not produced death, and he had been sued for assault and battery, and had set up a justification. When a man takes human life, upon which the law sets a high value, it is not sufficient for him to raise a reasonable doubt whether he was justifiable or not, but he must go one step further, and give satisfactory evidence that he was justified. This rule is sufficiently humane to the prisoner, and at the same time gives some protection to human life."

The following are a few of the numerous authorities which support this doctrine: Whart. Crim. Ev. 8 ed. 331, 334-5; *State* v. *Schweitzer*, 57 Conn. 532; *People* v. *Schryver*, 42 N. Y. 1; *Walker* v. *People*, 88 N. Y. 81; *Com.* v. *York*, 9 Metc. 93; *State* v. *Rollins*, 113 N. C. 722, 734; *State* v. *Welsh*, 29 S. C. 4; *State* v. *Brown*, 34 S. C. 41; *State* v. *Jones*, 78 Mo. 278; *Com.* v. *Drum.* 58 Pa. St. 1; *People* v. *Milgate*, 5 Cal. 127; *State of La.* v. *Scott*, 36 L. R. A. 721 and note.

Petition for new trial is denied, and the case is remitted to the Common Pleas Division in Kent county for sentence.

*Charles A. Stearns, Assistant Attorney-General,* for the State.

*Franklin P. Owen,* for defendant.