# John Mullins

*v.*

# The People of the State of Illinois.

*Filed at Ottawa May 19, 1884.*

1. Criminal Law—*degree of proof required to make out a defence—and as to different defences, in that regard—of a reasonable doubt, as applied to distinct elements in the case, or to the whole case.* On the trial of one indicted for robbery, in which an *alibi* was set up in defence, the proof on the part of the People tending to prove defendant's guilt, and on the part of the defence the *alibi*, the court instructed orally, by consent, as follows: "You should not convict defendant, unless, after considering all the evidence introduced in this case, you are satisfied of his guilt beyond all reasonable doubt; and if, after considering all the evidence introduced by the prosecution, and all the evidence introduced by the defence, you entertain a reasonable doubt as to whether the defendant, J. M., has been identified as one of the persons present and participating in the offence charged, you should find him not guilty:" *Held*, that such instruction was as favorable to the defence endeavored to be made as the defendant could ask.

2. It seems that some defences in criminal cases must be proved by a preponderance of the evidence, among which are licenses or authorizations from the State, and pleas of *autre fois acquit*. But whether the burden of proving an *alibi* by a preponderance of evidence rests on the defendant, the authorities are not harmonious.

3. The general rule is, that when the prosecution makes out such a case as will sustain a verdict of guilty, and the defendant offers evidence, the burden is on him to make out that defence, whatever it may be; but as to an *alibi*, and all other like defences that tend merely to cast a reasonable doubt on the case made by the prosecution when the proof is in, then the primary question is, the whole evidence being considered, is the defendant guilty beyond a reasonable doubt.

4. It is not correct to instruct the jury in a criminal case, that when they have considered all the evidence offered on the point made as to an *alibi*, which is interposed as a defence, if they have a reasonable doubt as to whether "defendant was in some other place when the offence was committed," they should acquit. A better expression of the law would be, when the jury have considered all the evidence, as well that touching the question of the *alibi*, as the criminating evidence introduced by the prosecution, then, if they have any reasonable doubt of the guilt of the accused, they should acquit, otherwise not.

5. It is not proper for the court to designate any particular branch of the case, and tell the jury unless it is proved beyond a reasonable doubt they should acquit. The "reasonable doubt" the jury is permitted to entertain, must be as to the guilt of the accused on the whole evidence, and not as to a particular fact in the case.

6. CREDIBILITY OF WITNESS—*the jury to determine—not the court.* It is not the province of the court to determine, as a matter of law, in regard to the witnesses examined, whom the jury may or may not believe, and an instruction that so states, or even conveys that impression, is vicious.

WRIT OF ERROR to the Criminal Court of Cook county; the Hon. SIDNEY SMITH, Judge, presiding.

On an indictment preferred against him for robbery, John Mullins was tried in the Criminal Court of Cook county, and on conviction was sentenced to the penitentiary for a period of five years. Both the People and defendant consented the court might charge the jury orally, and thereupon the court said: "Gentlemen of the jury: You should not convict defendant, unless, after considering all the evidence introduced in this case, you are satisfied of his guilt beyond all reasonable doubt; and if, after considering all the evidence introduced by the prosecution, and all the evidence introduced by the defence, you entertain a reasonable doubt as to whether the defendant, John Mullins, has been identified as one of the persons present and participating in the offence charged, you should find him not guilty." To the giving of this instruction in the form expressed, defendant excepted. The defendant then asked the court to instruct the jury as follows:
"1. The court instructs the jury that one of the defences interposed by the defendant in this case is what in law is known as an *alibi*,—that is, that the defendant was at another place at the time of the commission of the offence,—and that such a defence is as proper and legitimate, if proved, as any other, and all the evidence on that point should be carefully considered by the jury; and if, in view of all the evidence, the jury have a reasonable doubt as to whether the defendant

was in some other place when the offence was committed, they should give the defendant the benefit of the doubt, and acquit him.

"2. The court instructs the jury that to justify a conviction of the defendant, John Mullins, his identity as the guilty person must be proved beyond every reasonable doubt, and the jury are not bound to believe that the witness Stetson was able to identify the defendant with any certainty because he swears positively to his identity, and the jury should not so believe if they themselves are satisfied, from the circumstances proved, that there is a reasonable doubt as to whether the witness was able to and did identify the defendant as the guilty person."

The court refused to give these instructions, and to that decision of the court defendant excepted.

Messrs. FORREST & MAY, for the plaintiff in error, insisted the attempt to prove an *alibi* in behalf of the defendant was a matter in defence, as distinguished from a plea of confession and avoidance, and that the consequences in regard to the proofs followed that distinction, citing *Toler* v. *The State*, 16 Ohio St. 583 ; Wharton on Crim. Ev. (8th ed.) secs. 330, 331, 332, 333 ; 1 Bishop on Crim. Proc. (3d ed.) secs. 1061-1067 ; 1 Greenleaf on Evidence, 81 b ; *Turner* v. *The State*, 86 Pa. St. 54 ; *Binns* v. *The State*, 46 Ind. 311 ; *Howard* v. *The State*, 50 id. 190 ; *Pollard* v. *The State*, 53 Miss. 410 ; *The State* v. *Henry*, 48 Iowa, 403 ; *The State* v. *Waterman et al.* 1 Nev. 543 ; *Miller et al.* v. *The People*, 39 Ill. 457 ; *Hopps* v. *The People*, 31 id. 393 ; 1 Leading Crim. Cases, B. & H. 299-304.

Mr. LUTHER LAFLIN MILLS, State's Attorney, and Mr. GEO. C. INGHAM, Assistant State's Attorney, for the People :

The charge given by the court, orally, by consent, was full and complete, covering the case in every particular. The

jury are told that if, after considering all the evidence in the case, on both sides, they have a reasonable doubt of the guilt of the defendant, it is their duty to acquit; and what more could be said, except to repeat the same thing under different forms?

The first of the two instructions marked "refused," under the doctrine laid down in *Garrity* v. *The People*, 107 Ill. 167, is clearly erroneous. This court there say, that the "*onus* of proving this defence devolves upon the accused, and it must be clearly and satisfactorily established before it can avail, where the evidence otherwise makes out a clear case against the accused."

Mr. Justice Scott delivered the opinion of the Court:

Only what the evidence tends to prove is preserved in the record, so that the question of the guilt or innocence of defendant may be regarded as one fairly for the consideration of the jury, and if no error of law hurtful to the defence intervened at the trial, the judgment must of course be affirmed. The only error of law insisted upon is the refusal of the court to give two instructions asked by defendant. Evidence given on behalf of the People tends to prove a case that would warrant a conviction on the charge preferred against defendant. The defence mainly relied on is what is known in law as an *alibi*, and evidence introduced by defendant tended to establish that defence. On this latter branch of the case the court was asked by defendant to instruct the jury, "such a defence is as proper and legitimate, if proved, as any other, and all the evidence on that point should be carefully considered by the jury; and if, in view of all the evidence, the jury have a reasonable doubt as to whether the defendant was in some other place when the offence was committed, they should give the defendant the benefit of the doubt, and acquit him." Two reasons suggest themselves why this instruction was

properly refused : First, all that it contained that was proper to be given to the jury was contained in the instruction that was given by the court to the jury, that charge having been given on behalf of defendant as much as on behalf of the People, and was as favorable to the defence defendant was endeavoring to make as he could ask to have it; and second, it is not an entirely accurate expression of the law on this subject. The authorities quite uniformly hold that some defences, when sought to be made in criminal cases, must be proved by a preponderance of the evidence, and among these are licenses or authorizations from the State, and pleas of *autre fois acquit.* But whether the burden of proving an *alibi* by a preponderance of the evidence rests on the defendant who asserts it, the authorities are not so harmonious. The general rule is, where the prosecution makes out such a case as would sustain a verdict of guilty, and defendant offers evidence, the burden is on him to make out that defence, whatever it may be; but as to an *alibi,* and all other like defences that tend merely to cast a reasonable doubt on the case made by the prosecution when the proof is in, then the primary question is,—the whole evidence being considered, both that given for defendant and for the prosecution,—is the defendant guilty beyond a reasonable doubt. (Wharton on Crim. Ev. (8th ed.) sec. 333.) It will be seen the instruction asked by defendant is broader than the law will warrant, while the charge by the court covers the whole ground sufficiently. Nor is it quite correct to say, as this instruction seems to hold, that when the jury have considered all the evidence offered on the point made as to the *alibi,* if they have a reasonable doubt as to whether "defendant was in some other place when the offence was committed," they should acquit. A better expression of the law would be, when the jury have considered all the evidence, as well that touching the question of the *alibi,* as the criminating evidence introduced by the prosecution, then, if they have any reasonable doubt of

the guilt of the accused, they should acquit, otherwise not. The principle is embodied with sufficient accuracy in the oral charge by the court, and that was all that was necessary to be given on this branch of the case.

The other refused instruction, although slightly different in phraseology, is in substance like the one disapproved by this court in *Devlin* v. *The People,* 104 Ill. 507. It is erroneous for other reasons. It is not the province of the court to determine, as a matter of law, in regard to the witnesses examined, whom the jury may or may not believe, and an instruction that so states, or even conveys that impression, is vicious. Nor is it proper for the court to designate any particular branch of the case, and tell the jury unless it is proved beyond a reasonable doubt they should acquit. The "reasonable doubt" the jury is permitted to entertain must be as to the guilt of the accused on the whole evidence, and not as to a particular fact in the case.

The judgment will be affirmed.

*Judgment affirmed.*