JASPER CREWS

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield March 23, 1887.*

1. CONTINUANCE—*absence of witnesses—requisites of affidavit.* A defendant can not assign for error the refusal of his motion for a continuance, on the ground of the absence of a witness, when such witness appears during the trial and is examined on the part of the defence.

2. An affidavit for a continuance made by the defendant in a case of homicide, based on the absence of certain witnesses for the defence, which fails to show that they are not absent by his procurement or consent, and which also fails to show the materiality of the facts proposed to be proven by the witnesses, is insufficient for both reasons stated, and there is no error in refusing to continue the case upon such an affidavit.

3. CRIMINAL LAW—*reasonable doubt—as to particular facts.* The fact that a jury may entertain a reasonable doubt in regard to some particular fact required to be proved in order to convict, will not, of itself, call for an acquittal. A reasonable doubt requiring an acquittal, is one as to the guilt of the accused on the whole evidence, and not as to any particular fact.

4. So on the trial of one upon the charge of murder, the court refused to instruct the jury, that if they had any reasonable doubt as to whether the defendant, at the time of the shooting, was under reasonable apprehension and honest fear that the deceased intended and was about to inflict upon him great bodily harm, and that he fired the shots under that belief and in self-defence, they should acquit: *Held*, that the instruction was properly refused.

5. INSTRUCTION—*no need of repetition.* Where the court, on the trial of one for murder, gives an instruction for the defendant containing a full and comprehensive statement of the law of self-defence, there will be no error in refusing others substantially the same, differing only in form.

WRIT OF ERROR to the Circuit Court of Union county; the Hon. ROBERT W. McCARTNEY, Judge, presiding.

Mr. W. S. DAY, and Mr. P. E. HILEMAN, for the plaintiff in error.

Mr. GEORGE HUNT, Attorney General, for the People.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an indictment, in the circuit court of Union county, against Jasper Crews, for the murder of Calvin Jones on the 25th day of May, 1886. The indictment was found by the grand jury at the September term, 1886, of the circuit court of Union county, and a trial was had at the same term, resulting in a verdict finding defendant guilty as charged in the indictment, and his term of imprisonment was fixed at twenty-five years in the penitentiary. For the purpose of reversing the judgment of the circuit court, this writ of error was sued out by the defendant.

The first error complained of, is the decision of the court overruling the defendant's motion for a continuance to procure the evidence of certain witnesses named in the affidavit. One of the witnesses appeared and was examined on the trial, and so far as this witness is concerned, the defendant can not complain of the decision of the court, as he was in no manner injured by the ruling. As respects the other three

witnesses named in the motion, the affidavit does not negative the fact that they were absent by defendant's procurement, and upon this ground, alone, the decision may be sustained. But in addition to this, we do not think the materiality of the facts proposed to be proven sufficiently appears by the affidavit, and upon this ground it was not sufficient.

There is no great conflict in the evidence, in regard to the facts under which the murder was committed. The difficulty which resulted in the shooting of Jones by the defendant, was seen by a number of witnesses, who were called, and testified on the trial. It appears that Jones and the defendant, a few nights before the homicide, had a dispute about a matter of a trifling character, after which Jones had threatened to whip Crews, and he had also said to certain witnesses, that if Crews had a picture taken it would be a bloody one. Crews lived four or five miles from Alto Pass, where Jones was at work, and on the day the homicide occurred, as he (Crews) was on the road to Alto Pass, he stated that he was going up there to have that matter settled, and on the evening of the homicide he said he wanted John Collins "to see him a fair fight." The defendant procured Collins to go with him, and went where Jones was at work, and brought on the difficulty. Before going, he had gone to his aunt's, who resided in the place, and procured his revolver, which he had concealed in his pocket. The evidence shows, beyond a question, that Crews armed himself, took a friend with him, and went where Jones was at work currying a horse, with the intention of provoking a quarrel, which might induce Jones to fight. It is also plain, from the evidence, that when the defendant arrived at the place where Jones was, he used language to excite Jones and induce him to fight, and when Jones approached him with a small stick in his hand, defendant stood with one of his hands under his coat, on his revolver, and as soon as Jones struck or attempted to strike, the defendant drew his revolver and commenced shooting.

These, in brief, were the facts which the evidence disclosed, and upon which the jury found the defendant guilty, and so far as is shown by the record, the verdict is fully sustained by the evidence.

It is also claimed, that the court erred in refusing defendant's instructions Nos. 9, 10, 11, 17, 18, 19, 20, 21, 22 and 23. The purpose of instruction No. 9 was to inform the jury in regard to the law of self-defence. The court, however, gave defendant's eighth instruction, which was a full and comprehensive statement of the law on that subject, as follows:

"The court instructs the jury, that the law is : If a person is assaulted in such a way as to produce in the mind of a reasonable person a belief that he is in actual danger of losing his life, or of suffering great bodily harm, he will be justified in defending himself, although the danger be not real, but only apparent. Such a person will not be held responsible, criminally, if he acts in self-defence from real and honest convictions as to the character of the danger, induced by reasonable evidence, although he may be mistaken as to the extent of the actual danger."

After the giving of this instruction, no useful purpose could be gained by a repetition of the same thing in a different form, and it was not error for the court to refuse other instructions which were substantially like the one given.

What has been said in regard to No. 9 also applies to Nos. 17 to 21, inclusive. They are all a mere restatement of what is contained in No. 8.

The tenth instruction refused by the court, directed the jury, that if they have any reasonable doubt as to whether defendant, at the time of the shooting, was under reasonable apprehension and honest fear that deceased intended and was about to inflict upon him great bodily harm, and that he fired the shots under that belief, and in self-defence, then the jury must acquit. The fact that a jury may entertain a reasonable doubt in regard to some particular fact required to be proved,

in order to convict a defendant of crime, will not, of itself, authorize an acquittal, as is implied in the instruction, but a reasonable doubt which will authorize an acquittal, is one as to the guilt of the accused on the whole evidence, and not as to any particular fact. *Mullins* v. *The People,* 110 Ill. 42; *Davis* v. *The People,* 114 id. 98.

Instruction No. 11 is liable to the same objection as No. 10.

As to instruction No. 22, the record contains no evidence upon which it could be predicated, and upon this ground the court was justified in refusing it. The evidence fails to show that there was a challenge or agreement to fight a fair fight, as seems to be assumed in the instruction.

As to refused instruction No. 23, all that it contains, proper for the jury, is embraced in No. 8, and in one or two others of a similar import, and for this reason it was properly refused.

Objections, mainly of a technical character, have been urged against several of the People's instructions, but upon examination they will be found to be substantially correct. At all events, they contain nothing calculated to mislead the jury. Indeed, after a careful examination of all the instructions, we do not believe that defendant's case has been prejudiced by the ruling of the court on the instructions. On the other hand, if any fault was to be found with the instructions, it would be based on the ground that they are more favorable to him than the facts of the case might warrant.

Perceiving no error in the record, the judgment of the circuit court will be affirmed.

*Judgment affirmed.*