FRANK W. HORNISH

*v.*

THE PEOPLE OF THE STATE OF ILLINOIS.

*Filed at Springfield November 2, 1892.*

1. CRIMINAL LAW — *insanity as a defense— degree of unsoundness of mind.* If it appears from the evidence that one charged with crime was not of sound mind, but affected with insanity, and that such affection was the efficient cause of the act, and that he would not have done the act but for that affection, he ought to be acquitted. But this unsoundness of mind or affection of insanity must be of such a degree as to create an uncontrollable impulse to do the act charged, by overruling the reason and judgment, and obliterating the sense of right and wrong as to the particular act done, and depriving the accused of the power of choosing between them.

2. In the same case the following instruction asked by the defense was modified by the court by inserting therein the words in italics, and given as so modified : "You are instructed that if you believe, from the evidence, that the act charged against the defendant in the indictment was committed by him as charged therein, but that at the time of committing the same the defendant was a lunatic or insane, *to the extent of obliterating the sense of right and wrong as to the particular act done,* you should so find by your verdict," etc.: *Held,* no error in the modification, as the instruction as asked held that lunacy or insanity, whatever its degree or character, was sufficient to take away criminal accountability, while to have that effect it must be of such a degree as to obliterate the sense of right and wrong as to the particular act done.

3. On the trial of one for an assault with intent to murder, when the fact of assault by shooting another, and shooting at him, was conceded, the court, for the prosecution, instructed the jury that if they believed, from the evidence, beyond a reasonable doubt, that at the time of the alleged acts the defendant was able to distinguish right from wrong, then they could not acquit on the ground of insanity : *Held,* that there was no error in the instruction.

4. In the same case the court gave this instruction : "If, from all the evidence in the case, you believe, beyond a reasonable doubt, that the defendant committed the crime of which he is accused, in manner and form as charged in the indictment, and that at the time of the commission of the crime the defendant knew that it was wrong to commit such crime, and was mentally capable of choosing either to do or not to do the acts constituting such crime, and of governing his conduct in accordance with such choice, then it is your duty, under the law, to find

him guilty, even though you should believe, from the evidence, that at the time of the commission of such crime he was not entirely and perfectly sane :" *Held,* no error in giving the same.

5. SAME—*reasonable doubt, to acquit, must be as to the guilt, and not as to a single fact.* On a criminal trial the defense asked the court to instruct the jury, "that to warrant a conviction * * * it is incumbent on the People to establish by evidence, to the satisfaction of the jury, beyond a reasonable doubt, the existence of every element necessary to constitute the crime charged ; and if, after a careful and impartial examination of all the evidence in the case bearing upon the question of sanity or insanity, the jury entertain any reasonable doubt of the *sanity* of the defendant at the time of the alleged offense, they should give the defendant the benefit of that doubt, and acquit him." The court struck out the word *sanity,* italicized, and inserted the word "guilt" in its place, and gave the instruction as modified : *Held,* no error in the modification.

6. It is not error for the court to refuse an instruction requiring an acquittal if the jury entertain a reasonable doubt as to the sanity of the accused. The reasonable doubt which entitles the defendant to an acquittal must be as to his guilt upon the entire case. Insanity is not an issue by itself, to be passed on separately from the other issues.

WRIT OF ERROR to the Circuit Court of Coles county; the Hon. FRANCIS M. WRIGHT, Judge, presiding.

Messrs. WILEY & NEAL, for the plaintiff in error :

The third and fourth instructions on behalf of the People make the test of criminal accountability different from that authorized by this court. *Hopps* v. *People,* 31 Ill. 385 ; *Dacey* v. *People,* 116 id. 555.

The defense had the right to have the question of sanity or insanity, which was the only defense, fairly submitted to the jury, which was not done. *Dacey* v. *People,* 116 Ill. 555.

If the jury should entertain any reasonable doubt of the sanity of the accused they should acquit, as his sanity is guilt, and his insanity innocence.

Mr. GEORGE HUNT, Attorney General, for the People :

Complaint is made to the People's third and fourth instructions. We think they are in harmony with the decisions of

this court in *Hopps* v. *People,* 31 Ill. 385, and *Dacey* v. *People,* 116 id. 555.

This court has repeatedly held, that a reasonable doubt which is to acquit is a reasonable doubt of the guilt of the accused, and not a doubt upon any element or link of the chain forming proof of the guilt of the accused. *Weaver* v. *People,* 132 Ill. 536; *Bressler* v. *People,* 117 id. 422; *Davis* v. *People,* 114 id. 97; *Leigh* v. *People,* 113 id. 378; *Sheehan* v. *People,* 131 id. 22; *Hoge* v. *People,* 117 id. 44; *Guiteau's case,* 10 Fed. Rep. 161.

Power to discriminate between right and wrong is held to be a proper test in the following cases. *State* v. *Brandon,* 8 Jones, 463; *Brown* v. *Commonwealth,* 78 Pa. St. 122; *State* v. *Richards,* 30 Conn. 591; *Flanagan* v. *People,* 52 N. Y. 467; *Commonwealth* v. *Haskell,* 2 Brewst. 491; *Stevens* v. *State,* 31 Ind. 485; *State* v. *Windsor,* 5 Harr. 512.

Mr. J. H. MARSHALL, and Mr. J. W. CRAIG, also for the People:

The reasonable doubt the jury is permitted to entertain must be as to the guilt of the accused on the whole evidence and not as to a particular fact in the case. *Mullins* v. *People,* 110 Ill. 42; *Davis* v. *People,* 114 id. 98; *Hoge* v. *People,* 117 id. 44; *Ackerson* v. *People,* 124 id. 568; *Leigh* v. *People,* 113 id. 372; *Crews* v. *People,* 120 id. 320.

Mr. CHIEF JUSTICE BAILEY delivered the opinion of the Court:

Frank W. Hornish was indicted, in the Circuit Court of Coles county, for an assault upon Horace S. Clark, with intent to commit murder, and on trial before a jury, was convicted, and his punishment was fixed at imprisonment in the penitentiary for the term of five years. The court, thereupon, after denying his motion for a new trial, pronounced sentence upon him in accordance with said verdict, and the record is now brought to this court by writ of error.

The evidence shows that, on the 15th day of December, 1891, at about seven o'clock in the evening, the defendant met Clark in a public street of the city of Mattoon, and fired four shots at him from a thirty-two caliber revolver, two of which took effect on the person of Clark, inflicting upon him wounds of considerable severity. The fact that the defendant made said assault is not denied. The only evidence in relation to it, and to the circumstances under which it was committed, consists of the testimony of the people's witnesses, no rebutting testimony being offered on the part of the defendant. On that question therefore, there was at the trial, and is now, no dispute.

The only defense interposed was insanity, and to the issue thus raised, most of the evidence on both sides was directed. The first contention now made is, that, in view of the evidence as to the defendant's insanity at the time the assault was committed, the verdict of the jury finding him guilty was unwarranted and should be set aside. We do not feel called upon to attempt here an analysis of the evidence, but after having given it all a careful consideration, we are unable to say that the jury have not deduced from it the correct conclusion. As is not unusual in cases of this character, there is a wide discrepancy in the testimony of the witnesses. Part of them express the opinion that he was insane or partially so, while others express the contrary opinion. Very few of them, however, are able to testify that in their opinion he was so far mentally diseased as to be unable to distinguish right from wrong. And when all the facts and circumstances proved, as well as the opinions of the witnesses, are considered, we do not find such doubt as to the correctness of the verdict raised in our minds as would justify us in setting it aside. The questions presented by the defense of insanity were for the jury, and they had the important advantage of seeing the witnesses and hearing them testify. If the jury then were accurately instructed as to the law, we ought not to

disturb their finding, unless we are clearly satisfied that it is erroneous and unjust. A careful reading of the evidence does not bring our minds to that conclusion.

On the question of the defendant's insanity, the court, at the instance of the people, instructed the jury as follows:

"If you believe from the evidence, beyond a reasonable doubt, that at the time of committing the alleged acts, the defendant was able to distinguish right from wrong, then you can not acquit on the ground of insanity.

"If you believe from the evidence, beyond a reasonable doubt, that the defendant committed the crime, in manner and form as charged in the indictment, and at the time of committing such act, was able to distinguish right from wrong, you should find him guilty.

"If from all the evidence in the case, you believe, beyond a reasonable doubt, that the defendant committed the crime, of which he is accused, in manner and form as charged in the indictment, and that at the time of the commission of such crime, the defendant knew that it was wrong to commit such crime, and was mentally capable of choosing either to do or not to do the acts constituting such crime, and of governing his conduct in accordance with such choice, then it is your duty, under the law, to find him guilty, even though you should believe, from the evidence, that at the time of the commission of the crime, he was not entirely and perfectly sane."

The first two of these propositions are criticised upon the ground that they make the test of accountability, where insanity is set up as a defense, different from that laid down by this court in *Hopps* v. *The People*, 31 Ill. 385, and *Dacey* v. *The People*, 116 id. 555. In the Hopps case it was said: "A safe and reasonable test, in all such cases, would be, that whenever it should appear from the evidence, that at the time of doing the act charged, the prisoner was not of sound mind, but affected with insanity, and such affection was the efficient cause of the act, and that he would not have done the act but

for that affection, he ought to be acquitted. But this unsoundness of mind or affection of insanity, must be of such a degree as to create an uncontrollable impulse to do the act charged, by overriding the reason and judgment, and obliterating the sense of right and wrong as to the particular act done, and depriving the accused of the power of choosing between them." The same rule, in substance, was repeated in the Dacey case.

We are unable to perceive any necessary repugnance between the test thus laid down and that adopted by the instructions above quoted. By the very terms of said test, before criminal accountability ends, the affection of insanity, or the irresistible insane impulse thereby created, must be of such a degree and character as to obliterate the sense of right and wrong as to the particular act done, and it follows, as held in said instructions, that if the accused, at the time of committing the criminal act charged, was capable of distinguishing right from wrong, the defense of insanity is not made out. The third of said instructions further recognized as a test of want of criminal accountability, the mental incapability of the defendant to choose to do or not to do the act constituting the crime, as well as want of knowledge that it was wrong to do it.

But it is sufficient for the purposes of this decision to refer to *Dunn* v. *The People*, 109 Ill. 635, in which these identical instructions were given, and where it was held that they were proper, and were not in conflict with the Hopps case, or other cases following that decision.

The following instruction asked on behalf of the defendant was modified by the court by inserting therein the words in italics, and was given as modified:

"You are instructed that, if you believe, from the evidence, that the act charged against the defendant in the indictment was committed by him as therein charged, but that, at the time of committing the same, the defendant was a lunatic or

40—142 ILL.

insane, *to the extent of obliterating the sense of right and wrong as to the particular act done,* you should so find by your verdict," etc.

Two other instructions of the same general character asked by the defendant were modified by the insertion therein of the same words. There was no error in this modification. As asked, these instructions held that lunacy or insanity, whatever its degree or character, was sufficient to take away criminal accountability, while, as we have already seen, to have that effect, it must be of such degree as to obliterate the sense of right and wrong as to the particular act done.

The following instruction asked by the defendant was modified by the court by striking out the word in brackets, and inserting in lieu thereof the word in italics, and given to the jury so modified:

"That to warrant a conviction in this case, it is incumbent on the people to establish, by evidence, to the satisfaction of the jury, beyond a reasonable doubt, the existence of every element necessary to constitute the crime charged; and if, after a careful and impartial examination of all the evidence in the case bearing upon the question of sanity or insanity, the jury entertain any reasonable doubt of the [sanity,] *guilt* of the defendant, at the time of the alleged offense, they should give the defendant the benefit of that doubt and acquit him."

Three other instructions were asked on behalf of the defendant, by which it was sought, in various forms to submit to the jury the issue as to the defendant's sanity, as a separate issue, and to instruct them that if, on consideration of the evidence, they had a reasonable doubt as to his sanity, they should find a verdict of acquittal. These instructions were all modified in the same manner as above, and such modifications are assigned for error.

We are of the opinion that this assignment of error cannot be sustained. Mr. Bishop, in his Treatise on Criminal Procedure, in discussing the defense of insanity and the mode in

which it may be availed of, says: "Where the defendant sets up that he was insane when he did the act whereof he is accused, he simply declares that he had not the criminal intent which is one of the indispensable elements in every offense. The defense is, in principle, precisely the same as when he declares that he had not the requisite age, or that he acted under an innocent mistake of fact, or where a wife sets up coercion from her husband. It is a bare denial of a part of the prosecuting government's case." 2 Bish. Crim. Proced. (3d ed.) sec. 669. And again: "The doctrine or principle, sustained by a large part of our courts, and rapidly becoming general, is, that, as the pleadings inform us, insanity is not an issue by itself, to be passed on separately from the other issues, but, like any other matter in rebuttal, it is involved in the plea of not guilty, upon which the burden of proof is on the prosecuting power; the jury to convict or not according as, on the whole showing, they are satisfied or not, beyond a reasonable doubt, of the defendant's guilt." Id. sec. 672.

The precise question now before us was decided by the Texas Court of Appeals in *Webb* v. *The State*, 9 Tex. App. 490. There the defendant being on trial for murder, and the defense of insanity having been set up, the court charged the jury, in substance, that it was their province to determine, from all the evidence in the case, whether the defendant was sane or insane; that every defendant in a criminal case is presumed to be innocent until his guilt is established by legal evidence, beyond a reasonable doubt, and in case of a reasonable doubt as to his guilt he is entitled to be acquitted; that if the jury therefore had any reasonable doubt of the guilt of the defendant, under the evidence in the case and the law as given them, they should acquit him. The court was thereupon asked to charge the jury specially, that if they entertained a reasonable doubt of the sanity of the accused at the time of the commission of the homicide, they should acquit him. This charge the court refused to give, and its ruling in that

respect was sustained. In the opinion the court say: "It will not do to say that the reasonable doubt, independent of the whole case, applies and must be given to each and every element going to make up the corpus of the crime, and, failing to do so, that the charge would be insufficient; because such a rule would lead to unnecessary and perhaps interminable confusion, and in case of circumstantial evidence, for instance, it would be necessary to charge it with reference to each isolated fact in the chain of facts essential to the existence of the main fact. * * * In the case at bar, the evidence of insanity was no defense, save as it tended to rebut or destroy the criminal intent with which Webb shot and killed Foster, and it should only be given such weight as would produce upon the minds of the jury a reasonable doubt, not of Webb's insanity, but of the fact affirmed by the State, which was that Webb killed Foster with criminal intent, and under circumstances constituting the crime of murder. * * * Our conclusion of the whole matter is, that the charge of the court was a sufficient exposition of the law of insanity, and that, having fully charged the law of reasonable doubt as to the whole case, the court did not err in refusing the special requested instruction." See Lawson on Insanity as a Defense to Crime, 835.

The foregoing decision is quite in harmony with the rule laid down in repeated decisions of this court. Thus, in *Mullins* v. *The People*, 110 Ill. 42, where a defendant on trial for robbery, attempted to prove an *alibi*, we said: "Nor is it proper for the court to designate any particular branch of the case, and tell the jury unless it is proved beyond a reasonable doubt, they should acquit. The reasonable doubt the jury is permitted to entertain must be as to the whole evidence and not as to a particular fact in the case."

In *Crews* v. *The People*, 120 Ill. 317, the court refused to instruct the jury, that if they had any reasonable doubt as to

whether the defendant, at the time of the shooting, was under reasonable apprehension and honest fear that deceased intended and was about to inflict upon him great bodily harm, and that he fired the shots under that belief and in self defense, they should acquit. In sustaining this ruling we said: "The fact that a jury may entertain a reasonable doubt in regard to some particular fact required to be proved, in order to convict a defendant of crime, will not, of itself, authorize an acquittal, as is implied in the instruction, but a reasonable doubt which will authorize an acquittal, is one as to the guilt of the accused on the whole evidence, and not as to any particular fact." See also, *Leigh* v. *The People,* 113 Ill. 372; *Davis* v. *The People,* 114 id. 86.

It follows from what we have said that the court was justified in refusing to give the following instruction asked on behalf of the defendant:

"To constitute the crime charged, there must be a union of act and intent, and if from all the evidence, you have a reasonable doubt as to the defendant's having the intent to commit the crime charged, or a reasonable doubt as to his having a sufficiently sane mind to form the criminal intent, your verdict should be for the defendant."

Certain objections as to rulings of the trial court in the admission of evidence are urged, but on careful examination of the record, we fail to find said objections sustained.

We perceive no material error in the record and the judgment will therefore be affirmed.

*Judgment affirmed.*