[No. 10,145.]

## THE PEOPLE v. WILLIAM WEST.

PROOF OF GUILT ON TRIAL FOR MURDER.—If, on a trial for murder, there is any evidence on the part of the prosecution tending to show a state of facts which will justify the killing, or reduce the offense to manslaughter, it is error for the Court to instruct the jury that the burden of proof is laid on the prisoner of disproving his guilt, and that he must do this by preponderating evidence.

COMMON LAW AS TO CRIMINAL MATTERS.—We are governed by the provisions of our criminal code, and it is unnecessary to inquire what was the rule of the common law, in cases where the Code speaks.

APPEAL from the District Court, Ninth Judicial District, County of Shasta.

The indictment charged the defendant with having murdered Luther Whittle, on the 28th of July, 1874. He was convicted of murder in the second degree, and appealed. The other facts are stated in the opinion.

*E. Garter, A. R. Andrews, C. A. Garter* and *Creed Haymond,* for the Appellant.

*John L. Love,* Attorney-General, for the Respondent.

By the Court, NILES, J. :

The defendant was indicted for murder and convicted of murder in the second degree. At the trial the following instruction was given by the Court, at the request of the prosecution :

"The killing being admitted, the presumption of guilt arises. The burden of proof is laid upon the prisoner of disproving the guilt; this cannot be done by raising a doubt in the minds of the jury, but by establishing the fact by preponderating evidence."

In this we think there is error. It is unnecessary to inquire what was the rule of the common law in regard to the burden of proof after the homicide is proven. We are governed here by the provisions of our criminal code. Sec. 1,105 is as follows: "Upon a trial for murder, the commission of the homicide by the defendant being proven, the burden of proving circumstances of mitigation, or that justify or excuse it, devolves upon him, unless the proof on the part of the prosecution tends to show that the crime committed only amounts to manslaughter, or that the defendant was justifiable or excusable."

In this case there was some evidence upon the part of the prosecution, which, though perhaps insufficient in itself to convince the jury of the defendant's innocence, tended in some degree to show a state of facts which would justify the killing, or reduce the offense to manslaughter. Under these circumstances it was clearly erroneous to instruct the jury that the burden of proof was upon the defendant, and that he was bound to establish the justifying or mitigating circumstances by a preponderance of evidence.

The entire evidence, both for the prosecution and the defense, should have been considered by the jury in view of the principle that any reasonable doubt of his guilt, or of the grade of his offense, should be resolved in his favor.

Judgment reversed, and cause remanded for a new trial.

Mr. Chief Justice WALLACE did not express an opinion.