# WHEELING.

## STATE OF WEST VIRGINIA *v.* JONES.

Submitted October 28, 1882—Decided November 18, 1882.

1. Upon a trial for shooting with intent to kill, the use of a deadly weapon being proved, and the prisoner relies upon self-defense to excuse him for the use of the weapon, the burden of showing such excuse is on the prisoner, and to avail him he must prove such defense by a preponderance of the evidence. (p. 767.)

2. He may show it by his own evidence, the evidence adduced by the prosecution, the circumstances arising out of the case, or by all of these modes. (p. 767.)

3. In such a case it is error to instruct the jury, that if they have any reasonable doubt, whether the prisoner under the circumstances was excusable for the use of the deadly weapon, they must acquit him. (p. 769.)

4. A judgment and verdict will be set aside and a new trial awarded the prisoner, where an instruction was given, which was calculated to confuse the jury and mislead them to the prejudice of the prisoner. (p. 770.)

Writ of error to a judgment of the circuit court of the county of Harrison, rendered on the 20th day of May, 1882, upon an indictment for feloniously and maliciously shooting with intent to kill, in which case the State of West Virginia was plaintiff and Frank Jones was defendant, allowed upon the petition of said Jones.

Hon. A. Brooks Fleming, judge of the second judicial circuit rendered the judgment complained of.

The facts of the case are fully stated in the opinion of the Court.

*James Morrow, Jr.*, for plaintiff in error cited: 1 Green. Ev. §§ 100, 101; 7 Bush. 124; 8 Mich. 150; 25 Gratt. 887; 5 Yerg. 459; 2 Head 217; 2 Duvall 328; 8 Bush. 481; 41 N. Y. 360; 7 J. J. Mar. 478; H. & T. 345.

*Attorney-General Watts*, for defendant in error cited: 1 Whart. Cr. Law (8th ed.) § 488 and note 2; 25 Gratt. 887; 8 W. Va. 741; *State* v. *Cain*, *supra*; *State* v. *Robinson*, *supra*.

JOHNSON, PRESIDENT, announced the opinion of the Court:

This is a writ of error to a judgment of the circuit court of Harrison county, rendered on the verdict of a jury, which found the prisoner guilty as charged in the indictment, or shooting John W. Patton, with intent to kill him.    The bill of exceptions signed by the court shows, that the prisoner by his counsel asked the following instruction which was shown, by the evidence to have been relevant:    "If the jury believe from the evidence, that the accused had committed an assault in an assemblage, immediately or recently before the affray, in which the shot was fired, which is mentioned in the indictment, and that the accused was at the time of said affray, making his way on his horse, away from said assemblage, and whilst so withdrawing himself, the accused was pursued and overtaken by Patton, and others with threatening exclamations, and that he was seized and dragged violently from his horse by Patton whilst trying to escape, and thereupon surrounded by a crowd, or number of persons, who had pursued him and who used threatening exclamations; and if the jury further believe from the evidence, that under these circumstances, the accused had reasonable cause to believe and fear, and that he did believe and fear, that great bodily harm was about to be inflicted upon him; and that under the influence of said belief and fear, he fired the said shot with intent to defend and protect himself, then he is not guilty.    And if the jury have a reasonable doubt, as to whether he may not

have fired said shot under the influence of such belief and fear, and with such intent, he should have the benefit of such reasonable doubt, and should be acquitted."

The court refused to give the instructions as asked, but gave them with the following modification to the last clause thereof: "And if the jury have a reasonable doubt as to whether he may not have fired said shot under the influence of such *actual, and imminent danger*, belief and fear, and with such intent, he should have the benefit of such reasonable doubt, and should be acquitted." It is assumed by counsel for prisoner, that where, the defendant relies upon self defense as a justification of his act, for which he is indicted and there is evidence tending to prove, that he fired the shot to protect himself, that the law will compel the trial court at his instance to instruct the jury, that, "if they have a reasonable doubt, that he had reasonable grounds to believe and did believe he was in imminent danger, of losing his own life, or suffering great bodily harm at the hands of the assailant, then he is entitled to the benefit of such doubt, and should be acquitted." In other words, "if the jury have a reasonable doubt that he fired the shot in self defense," they should acquit him.

It is true that both Wharton and Bishop, in their works on criminal law, so conclude. The same principle is held to be law, in *State* v. *Patterson*, 45 Vt. 308; *People* v. *West*, 49 Cal. 610; *State* v. *Porter*, 34 Ia. 131; *State* v. *Morphy*, 33 Ia. 270; *State* v. *Felter*, 32 Ia. 49; *State* v. *Tweedy*, 5 Ia. 434. In the last named case it was held, that when the evidence in a criminal case relates solely to the original transaction and form a part of the *res gestæ*, the defendant has a right to claim, that the proof made does not manifest his guilt; because it is left in doubt whether the act was committed under unjustifiable circumstances; hence where the matter of excuse or justification of the offense charged, grows out of the original transaction, the defendant is not driven to the necessity of establishing the matter in excuse or justification, by a preponderance of evidence, and much less beyond a reasonable doubt, on the trial of an indictment for murder, proof of the killing will not change the burden of proof, where the excuse or justification is apparent on the evidence offered

by the prosecution, or arises out of the circumstances attending the homicide." On the contrary Mr. Foster in his Crown Law page 290, says: "Whoever would shelter himself under the plea of provocation, must prove his case to the satisfaction of the jury; the presumption of law is against him, till the presumption is repelled by contrary evidence.

This rule is sustained by all the most approved of the English elementary writers on criminal law, as well as by many adjudged cases. See 4 Black. Crim. 201; 1 East. Pl. Cr. 224, 340; 1 Russell on Crimes (1st Ed.) 614, 616; Bac. Abr. Tit. Murder C. 2; 2 Starkie on Ev. 948; Archb. Cr. Pl. (1st Ed.) 212, 213; 2 Chit. Cr. Law 4 Am. Ed. 727; Ros. Cr. Ed. 2d Ed. 20, 653. In *Regina* v. *Kirkham*, 8 Car. & P. 115, it was held, that in order to reduce killing of a person to the crime of manslaughter, there must not only be sufficient provocation, but the jury must be satisfied, that the fatal blow was given in consequence of that provocation. *Rex* v. *Greenacre, Id.* 35.

In *Commonwealth* v. *York*, 9 Met. 93, it was held, that "when on a trial of an indictment for murder the killing is proved to have been committed by the defendant, and nothing further is shown the presumption of law is, that it was malicious and an act of murder; and proof of matters of excuse or extenuation lies on the defendant, which may appear either from evidence adduced by the prosecution, or from evidence offered by the defendant. But where there is any evidence tending to show excuse or extenuation, it is for the jury to draw the proper inferences of fact from the whole evidence, and to decide the fact on which the excuse or extenuation depends according to the preponderance of evidence." The opinion in this case was delivered by Shaw, chief justice, Wilde, J., dissented. See also *Com.* v. *Webster*, 5 Cush. 316; *Com.* v. *Hardiman,* 9 Gray 136; *Com.* v. *Heath*, 11 Gray 303; *State* v. *Knight*, 43 Me. 137; *People* v. *Schryver*, 42 N. Y. 1; *Stokes* v. *People*, 53 N. Y. 164.

In the case of *Silvus* v. *State*, 22 Ohio St. 90, it was held, upon a review of the authorities, that on the trial of an indictment for murder, the burden of proving that the homicide was excusable on the ground of self-defense, rests on the defendant, and must be established by a

preponderance of the evidence.    To the same effect is *Weaver* v. *State*, 24 Ohio St. 584; in which *Silvus* v. *State*, *supra*, was approved and followed.    In *State* v. *Willis*, 63 N. C. 26, it was held, that upon a trial for murder the fact of killing with a deadly weapon being admitted or proved, the burden of showing any matter of mitigation, excuse or justification is thrown upon the prisoner.    It is incumbent upon the prisoner to establish such matter, neither beyond a reasonable doubt, nor according to a preponderance of the evidence, but *to the satisfaction of the jury.*

This conclusion was reached after a review of the authorities, among which was two North Carolina cases, *State* v. *Ellick*, 2 Win. 56, and *State* v. *Peter Johnson*, 3 Jones 266. To the same effect is *State* v. *Abbott*, 8 W. Va.    The principle upon which these decisions is based, is, that when it is shown by the State that a homicide has been committed, the law presumes malice and it is necessarily murder, unless the defendant reduces it by evidence to a lower grade of crime, and the burden is on him to do this; and he must satisfy the minds of the jury that the act was not committed with malice, to reduce it to manslaughter; and to entitle him to an acquittal, he must show that he was excusable in committing the act.

While the State must prove beyond a reasonable doubt, the act from which the law will imply malice, when she has done this, the burden is shifted, and the defendant must show, either by his own evidence, or the evidence adduced by the prosecution, or from the circumstances arising out of the case, that the act was not done maliciously, or that he was excused in the commission of the act; and in showing this he is not bound to do it beyond a reasonable doubt, but by a preponderance of the evidence.    In *Hill* v. *The Commonwealth*, 2 Gratt. 595, it was held, that where a homicide is proved the presumption is, that it is murder in the second degree.    If the commonwealth would elevate it to murder in the first degree it must establish the characteristics of that crime.    And if the prisoner would reduce it to manslaughter, the burden of proof is upon him.

The principles of *Hill's case*, *supra*, have never been departed from in Virginia.    We think it is a rule of law dictated

by public policy, and does not do injustice to the prisoner. The State must make out its case beyond a reasonable doubt, but when it has done this, the prisoner, must from all the circumstances of the case, and from the evidence adduced both by himself and the State, show to the satisfaction of the jury, that he was excused under the law for the use of the deadly weapon. It would but confuse a jury to tell them, that if they had any doubt, that the prisoner had a good defense they must acquit him. Where the defense of insanity is put in, it must be *shown to the satisfaction of the jury*, that the prisoner was insane at the time the act was committed in order to entitle him to an acquittal on that ground. *Boswell's Case*, 20 Gratt. 860; *Strauder's Case*, 11 W. Va. 745; *Robinson's Case, supra.*

It seems to me just as reasonable that the plea of self-defense should be made out also to the satisfaction of the jury: The prisoner was not entitled to the concluding portion of his instruction. "And if the jury have a reasonable doubt, as to whether he may not have fired said shot under the influence of such belief and fear, and with such intent, he should have the benefit of such reasonable doubt and should be acquitted." The court gave him all on that subject to which he was entitled, when it gave the first part of the instruction, in which it was said, "if the jury believe," that is, are satisfied "from the evidence, that under those circumstances the accused had reasonable cause to believe and fear, and that he did believe and fear, that great bodily harm was about to be inflicted on him, and that under the influence of such belief and fear, he fired the said shot with intent to defend or protect himself, then he is not guilty." He was entitled not only to this, but to the addition, had it been asked, "although it might be that the appearances were false and there was in fact, neither design to do him serious injury, nor danger that it would be done." *Cain's Case, supra.*

The prisoner would have had no cause of complaint, had the court refused to give the last clause of the instruction on the subject of "reasonable doubt," but the court modified and gave it as thus changed. The change consisted in inserting in said clause the words *actual and imminent danger.* Now the court had not told the jury, and had not been asked,

to do so, that it was the reasonable ground to believe, and the belief of danger, although the appearances mignt be all false, that excuses the otherwise criminal act. Nothing had been said about *actual* danger; and using the words *actual and imminent danger*, as they were used, were we think calculated to confuse and mislead the jury to the prejudice of the prisoner, and for this reason alone the judgment must be reversed, the verdict of the jury set aside, and a new trial awarded.

But it appearing, that the plaintiff in error is now in the penitentiary in execution of the said judgment against him, it will be necessary to have him brought before this Court upon a writ of *habeas corpus*, and committed to the custody of the sheriff of Ohio county, to be by him conveyed to the jail of the county of Harrison, for the purpose of being again tried for the offense aforesaid. A writ of *habeas corpus* is therefore awarded accordingly, directed to the superintendent of the penitentiary, commanding him to bring the prisoner before this Court, at 11 o'clock on Saturday, the 25th day of November inst.

THE OTHER JUDGES CONCURRED.

JUDGMENT REVERSED.     NEW TRIAL GRANTED.